JAMES E. MURPHY, Corporation Counsel, Marinette County
You request my opinion as to the extent of liability of the county under the following state of facts.
An accident involving a car and a truck with a cargo of gasoline occurred on a county trunk highway resulting in gasoline spillage. A member of the sheriff's department arrived on the scene and summoned the fire department from the town in which the highway was located and the fire department from the adjoining town and village. The two municipalities have presented claims to Marinette County for approximately $800 each.
For the purposes of this opinion, I am assuming that there is no cooperative agreement between the fire departments that did respond to the call.
I am of the opinion that, if there was no fire, the county is not liable in any amount. If there was a fire, the county is liable for a sum not to exceed $100 in favor of each town that responded to the fire call.
Section 60.29 (20) (e), Stats., provides in part:
 "Any town board providing fire protection shall be reimbursed for fire calls occasioned by fires on public highways as follows:
 "1. The cost not to exceed $100, for a fire call for a vehicle on a county trunk highway shall be reimbursed by the county maintaining that portion of the highway where the vehicle is located at the time of the fire; . . ."
The statute is clear. It says that each town board that provides fire protection and whose fire fighting facility responds to a fire call occasioned by a fire in or on a vehicle on a county trunk highway maintained by the county shall be reimbursed by the county in an amount not to exceed $100.
RWW:DCM *Page 328